# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA
## ST. PAUL DIVISION

| | | | |
|---|---|---|---|
| In re: | **Dominic Lee Atkins** | Case No. | |
| | | CHAPTER 13 PLAN | ☐ Modified |
| Debtor. | | Dated: | **5/28/2019** |

*In a joint case, debtor means debtors in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☑ Included | ☐ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:**

| 2.1 | As of the date of this plan, the debtor has paid the trustee _____**$0.00**_____. |
|---|---|
| 2.2 | After the date of this plan, the debtor will pay the trustee _____**$100.00**_____ per month for _____**36**_____ months beginning in _____**June**_____ (mo.) of _____**2019**_____ (yr.) for a total of _____**$3,600.00**_____ The initial plan payment is due not later than 30 days after the order for relief. |
| 2.3 | The minimum plan length is    ☑ 36 months    **or**    ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time. |
| 2.4 | The debtor will also pay the trustee |
| 2.5 | The debtor will pay the trustee a total of _____**$3,600.00**_____ [lines 2.1 + 2.2 + 2.4]. |

**Part 3. PAYMENTS BY TRUSTEE:**
The Trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or _____**$360.00**_____ [line 2.5 x .10]

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C)):**
The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly payment | Number of payments | Total payments |
|---|---|---|---|---|
| | TOTAL | | | **$0.00** |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):**
The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| | Creditor | Description of Property |
|---|---|---|

**Part 6. CLAIMS NOT IN DEFAULT:**
Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

|  | Creditor | Description of property |
|---|---|---|
|  |  |  |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):**
The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

|  | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  | TOTAL |  |  |  |  | $0.00 |

**Part 8. CLAIMS IN DEFAULT (§§ 1322(b)(3) AND (5) AND § 1322(e)):**
The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|  | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  | TOTAL |  |  |  |  |  | $0.00 |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amounts except for secured claims of governmental units):**
The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

|  | Creditor / Claim amount | Secured claim | Int. rate | Begin-ning in month # | Monthly payment | x Num of pmts. | = Plan pmts. | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |
|  | TOTAL |  |  |  |  |  |  |  | $0.00 |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value) (allowed secured claim controls over any contrary amount):**
The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

| Creditor | Claim amount | Int. rate | Beginning in month # | Monthly payment | x Num of pmts | = Plan payments | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|
| TOTAL | | | | | | | | $0.00 |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):**
The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in month # | x Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1 | Internal Revenue Service | $0.00 | Pro-Rata | | 0 | $0.00 |
| 11.2 | Minnesota Department of Revenue | $0.00 | Pro-Rata | | 0 | $0.00 |
| 11.3 | Walker & Walker Law Offices, PLLC | $2,985.00 | $90.00<br>$15.00 | 1<br>34 | 33<br>1 | $2,985.00 |
| | TOTAL | | | | | $2,985.00 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:**
The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly payment | Beginning in month # | x Number of payments | Total payments |
|---|---|---|---|---|---|
| TOTAL | | | | | $0.00 |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS:**
In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured claims described as follows: _____
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| Creditor | Estimated claim | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| TOTAL | | | | | | $0.00 |

**Part 14. TIMELY FILED UNSECURED CLAIMS:**
The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately ____$255.00____ [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

| 14.1 | The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are ____$0.00____ |
|---|---|
| 14.2 | The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 9 and 13) are ____$60,163.00____ |
| 14.3 | Total estimated unsecured claims are ____$60,163.00____ [lines 14.1 + 14.2] |

**Part 15. TARDILY-FILED UNSECURED CLAIMS:**
All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:**

The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays §§362(a) and §§1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|  | Creditor | Description of property |
|---|---|---|
|  |  |  |

**Part 17. NONSTANDARD PROVISIONS:**

The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 17.1 | **Child support** <br> To the extent Child Support is an unsecured claim for AFDC reimbursement, it shall be designated a separate class and paid in full. |
|---|---|
| 17.2 | **Mortgage paid as unsecured in the event of foreclosure** <br> If a foreclosure occurs on the debtor'(s) real estate during the term of the Chapter 13 Plan, the debtor(s) shall cease making mortgage payments pursuant to Part 7 or Part 10 of the Plan, and any remaining deficiencies on all mortgages secured by the property foreclosed shall be treated and discharged as general unsecured claims under the plan. |
| 17.3 | **Secured claims paid as unsecured unless otherwise provided** <br> Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured as set forth in Parts 14 and 15 of the Plan. |
| 17.4 | **Tax refunds** <br> The debtor(s) shall be entitled to the first $1200 for an individual chapter 13 debtor and $2,000 for married chapter 13 debtors of each year's tax refunds. The balance shall be paid to the trustee as an additional plan payment. Any Earned Income Credit and Minnesota Working Family Credits shall be retained by the debtor(s). The debtors shall keep these credits in addition to the $1,200 or $2,000. |
| 17.5 | **1305 claims** <br> Pursuant to 11 U.S.C. § 1305(a)(1) claims for postpetition income taxes due to the Internal Revenue Service (IRS) for the year in which the case was filed are to be included in the plan and paid by the trustee. The trustee shall pay these claims only if the IRS files a proof of claim within one year of commencement of the case. |
| 17.6 | **Unpaid codebtor liabilities treated as unsecured** <br> If the plan provides for payment of an obligation by a third party or co-debtor, and a default occurs, any resulting claim shall be treated and discharged as a general unsecured claim. |
| 17.7 | **Monthly billing statements authorized for certain claims** <br> Creditors with claims provided for in Parts 5, 6, 7, 8, 10, 11, 12, and 13 are authorized to send monthly billing statements to the debtor(s). Neither the debtor(s) nor their attorneys shall construe these statements as a violation of the automatic stay. |
| 17.8 | **Deficiency claims are unsecured and discharged** <br> In the event of the surrender, foreclosure, or return of any collateral to any secured creditor, the trustee shall pay any deficiency as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case. |
| 17.9 | **Property taxes paid directly by debtor(s) outside of plan** <br> The debtor(s) or their mortgage servicer may pay property taxes directly to the county taxing authority when the property taxes become due. |
| 17.10 | **Post-Petition Consumer Debt** <br> Approval by the Bankruptcy Court or the Chapter 13 Trustee shall not be required prior to the debtor incurring a consumer debt while this case is pending, but the holder of the claim against the debtor based upon such debt is subject to § 1305. |
| 17.11 | **Surrender and Relief From Stay** <br> Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case. |

**SUMMARY OF PAYMENTS:**

| Class of payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | **$360.00** |
| Home mortgages in default [Part 7] | **$0.00** |
| Claims in default [Part 8] | **$0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | **$0.00** |
| Secured claims excluded from § 506 [Part 10] | **$0.00** |
| Priority claims [Part 11] | **$2,985.00** |
| Domestic support obligation claims [Part 12] | **$0.00** |
| Separate classes of unsecured claims [Part 13] | **$0.00** |
| Timely filed unsecured claims [Part 14] | **$255.00** |
| TOTAL (must equal line 2.5) | **$3,600.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed:

**/s/ Andrew C. Walker**

Attorney for debtor or debtor if pro se

Debtor 1 signed:

**/s/ Dominic Lee Atkins**

Debtor 2 signed (if joint case):